UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JUNIOR MELONG,

                                Plaintiff,                 **ORDER**
                                                                    CV 08-5056 (JS)(ARL)
      -against-

NUTRITIONAL SCIENCE LABORATORIES,

                                Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendant's letter application dated September 11, 2009, seeking to compel the plaintiff to provide more complete responses to the defendant's discovery requests.[1] Specifically, the defendant seeks (1) a more complete response to Document Request No. 2; (2) a proper verification of the interrogatory responses; and (3) more complete response to Interrogatory Nos. 3, 6, 10, 13, 14, 15 and 16. In addition, the defendant takes issue with the fact that the plaintiff objected to certain demands and requests that the court review all of the discovery requests and responses to understand the plaintiff's failures and compel additional disclosure. The plaintiff has not, to date, responded to the application. For the reasons set forth below, the motion is granted, in part.

      By letter application dated August 6, 2009, the defendant sought to compel the plaintiff to respond to its First Request for the Production of Documents and First Set of Interrogatories. The discovery requests had been served on the plaintiff on June 10, 2009. By letter dated August 14, 2009, counsel for the plaintiff indicated that he would respond to the discovery requests shortly. Thus, the court granted the defendant's request, in part, and directed the plaintiff to provide responses to all outstanding discovery requests by September 1, 2009. The plaintiff did respond prior to September 1, 2009, but the responses were deficient. After a meet and confer, counsel for the plaintiff then agreed to provide amended responses by September 9, 2009, but failed to do so. Plaintiff's counsel then said he would forward responses by the end of that week, prompting counsel for the defendant to file the instant application.

      It is clear from the application that the responses are deficient in several respects.

---

[1] The court is also in receipt of the defendant's letter dated September 22, 2009, requesting that the court rule on its September 11, 2009 motion. That letter is rejected by the court. Counsel is reminded that the Local Rules permit an opposing party three days to submit a responsive letter and the Federal Rules mandate that three additional days are to be added to that period of time if service is made under Rule 5(b)(2)(C), (D), (E) or (F). Counsel did not indicate in its September 11, 2009 letter how service had been made requiring the court to assume the additional three days were warranted.

Accordingly, the plaintiff must serve amended responses on or before October 2, 2009. The responses shall include (1) a more complete response to Document Request No. 2; (2) a proper verification of the interrogatory responses; and (3) a more complete response to Interrogatory Nos. 3, 6, 10, 13, 14, 15 and 16. Although the defendant invites the court to review each of the requests and responses to determine additional deficiencies that were not specifically addressed in the letter application, the court declines the invitation. Finally, when the court extended the time for responses to the interrogatories, the court intended to provide the plaintiff with one final opportunity to submit appropriate responses and objections. Therefore, the plaintiff did not waive his opportunity to provide objections to the interrogatories to the extent he responded prior to the September 1st deadline.

The defendant's request for sanctions is denied. However, the plaintiff is warned that failure to comply with this order may result in the imposition of sanctions, including a recommendation that the plaintiff be precluded from introducing certain evidence at trial or that his complaint be dismissed. Counsel for the plaintiff is also urged to review the Federal Rules of Civil Procedure as this is the third application being addressed by the court that reflects counsel's failure to follow those rules.

Dated: Central Islip, New York
      September 23, 2009

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge